95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. LORD, Plaintiff-Appellant,
v.
Frank SAUSER, Superintendent; Larry Kincheloe,
Superintendent; State of Alaska, Defendants-Appellees.
 No. 95-35640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alaska state prisoner Robert W. Lord appeals pro se the district court's grant of summary judgment in favor of appellees in his 42 U.S.C. § 1983 action. Lord contends that the district court erred by concluding that he was not denied access to the courts. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 507 U.S. 1051 (1993). We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 Summary judgment is appropriate "if the party opposing the motion 'fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Prisoners must demonstrate actual injury in order to show that their right of access to the courts was denied. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996); see also Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Thus, inmates must show that prison officials have hindered the prisoners' capability "to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis, 116 S.Ct. at 2182.
 
 
 5
 Lord alleged in the district court that prison officials took his word processor, which contained legal materials. As a result of the seizure, Lord alleged that he was unable to access pleadings and other legal materials in order to file a motion for post-conviction relief.
 
 
 6
 Lord was given at least thirty-days' notice that prison officials were going to seize all prisoners' word processors and printers. Lord had an adequate opportunity to print out any materials relating to his motion for post-conviction relief, but did not do so. Because Lord fails to demonstrate that the seizure of his word processor hindered his ability to file a motion for post-conviction relief, his access to the courts claim fails. See Lewis, 116 S.Ct. at 2179-80; Sands, 886 F.2d at 1171.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellee's "motion to strike appellant's errata."